**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JEREMY L. BRADFORD, )<br>    Defendant. ) | Cause No. 2:17-CR-101-JTM-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Compel Production of Jencks Act Material [DE 15], filed by Defendant on September 18, 2017. Defendant asks the Court to order the Government to produce the grand jury testimony of a witness who testified at Defendant's detention hearing. On September 27, 2017, the Government filed a response. Defendant did not file a reply, and the time to do so has passed.

Defendant was arrested on a charge of attempting to pass false currency. At a detention hearing on August 28, 2017, the Government called Danielle Howard to the stand as a witness. Ms. Howard testified that the Defendant was her boyfriend and that he had been living with her until his arrest. The government's counsel then began to question Ms. Howard about the events leading to Defendant's arrest, to which she responded that "something had happened" in a store. Tr. at 20 [DE 13]. At that point, the undersigned Magistrate Judge interrupted counsel's questioning, stating, "I don't want to witness to say anything that implicates her," and observed that Ms. Howard's testimony was "not relevant" to the detention hearing. Counsel for the government stated that the witness "ha[d] immunity" and was "not a target" of investigation and the witness agreed with those statements, but questioning was not permitted to continue. *Id*. at 21-23. Counsel for Defendant declined to cross-examine Ms. Howard. After hearing additional evidence and argument from counsel, Defendant was held without bond for a number of reasons, including Defendant's flagrant

and willing violation of probation, his prior conviction for a violent offense, and the difficulties inherent in imposing the bond conditions proposed by counsel for Defendant. Ms. Howard's testimony was not relevant to the decision to detain Defendant.

Defendant now seeks production of a transcript of Ms. Howard's earlier testimony to the grand jury on the grounds that the transcript falls under the purview of the Jencks Act. The Act provides, in relevant part, that "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement of the witness in the possession of the United States which relates to the subject matter as to which the witness testified." 18 U.S.C.§ 3500(b); Fed. R. Cr. P. 26.2(a). The term "statement" is defined to include grand jury testimony. 18 U.S.C. § 3500(e)(3); Fed. R. Cr. P 26.2(f)(3). The rule extends to preliminary hearings under Federal Rule of Criminal Procedure 5.1 and to detention hearings under Rule 46, "unless the court for good cause rules otherwise." Fed. R. Cr. P. 5.1(h), 46(j).

Defendant argues that, because Ms. Howard was a witness called by the United States at the detention hearing, the Jencks Act mandates production of her grand jury testimony. The Government responds that Defendant could have cross-examined Ms. Howard or stayed the detention hearing to request Ms. Howard's earlier statements made to the Government's counsel. The Government further argues that Ms. Howard did not truly testify at the hearing because she was stopped from doing so by the Court, and that the Court did not rely on Ms. Howard's testimony in reaching its conclusion. The Government also points out that the Court has the latitude to not require the production of a witness's prior statements after testimony at a pretrial hearing and argues that good cause exists to do so in this case. Finally, the Government asserts that the instant Motion is merely

an attempt to gain early production of materials to which Defendant is not entitled at this time.

The Jencks Act extends to material "which relates to the subject matter as to which witness testified." Because the Court curtailed the Government's examination of the witness, Ms. Howard did not testify as to any particular subject matter, making the Act inapplicable here. Moreover, even if Ms. Howard's comments were sufficient to be deemed testimony about a particular subject matter, good cause exists to deny production of Ms. Howard's grand jury testimony at this time. *See* Fed. R. Cr. P. 5.1(h)(1), 46(j)(1). Jencks production is intended to allow a defendant the opportunity to impeach an adverse witness with her own earlier, potentially contradictory, statements. *See U.S. v. Allen,* 798 F.2d 985, 998 (7th Cir. 1986). In this case, the testimony at issue was not considered, and there is no statement to impeach. There will be opportunity for pre-trial production at a later stage in these proceedings. The Court declines to disturb the normal course of discovery solely on the basis of Ms. Howard's limited, and ultimately irrelevant, testimony to date.

For the forgoing reasons, the Court hereby **DENIES** the Motion to Compel Production of Jencks Act Material [DE 15].

SO ORDERED this 19th day of October, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record